**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| WILLIS K. DAVIS, | Case No. 2:25-cv-02602-RFB-BNW |
| Petitioner, | **SCREENING ORDER** |
| v. | |
| JEREMY BEAN,[1] | |
| Respondent. | |

Before the Court is Petitioner Willis K. Davis's Petition for Writ of Habeas Corpus, Application for Leave to Proceed *In Forma Pauperis* ("IFP"), Motion for Appointment of Counsel, and Financial Certificate. See ECF Nos. 1 ("IFP Application"), 1-1 ("Petition"), 1-2 ("Motion for Counsel"), 4 ("Financial Certificate"). Based on Davis's Financial Certificate, the Court finds that good cause exists to grant the IFP Application. Following an initial review of the Petition under the Rules Governing Section 2254 Cases, the Court directs that the Petition be served on Respondents and grants the Motion for Counsel.

## I.   PROCEDURAL HISTORY[2]

Davis challenges a conviction and sentence imposed by the Eighth Judicial District Court

---

[1] The state corrections department's inmate locator page provides that Davis is incarcerated at High Desert State Prison. Jeremy Bean is the current warden for that facility. Accordingly, at the end of this Order, this Court kindly requests the Clerk of Court to substitute Jeremy Bean for Respondent State of Nevada. See Fed. R. Civ. P. 25(d).

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, accessible at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

for Clark County. State of Nevada v. Willis Davis, C-21-354385-1. On November 24, 2021, the state court entered a judgment of conviction, convicting Davis of three counts of murder with the use of a deadly weapon. Davis was sentenced to, *inter alia*, life without the possibility of parole. Davis appealed, and on April 21, 2023, the Nevada Supreme Court affirmed the judgment of conviction but remanded the case to the state court to correct a clerical error—namely, the judgment of conviction incorrectly stated that Davis pleaded guilty. Willis King Davis v. State of Nevada, No. 83806. Remittitur issued on May 16, 2023. An amended judgment of conviction was entered on May 26, 2023.

Davis filed a state habeas petition on April 21, 2023. The state court denied Davis post-conviction relief, Davis appealed, and the Nevada Supreme Court affirmed on November 20, 2025. Willis King Davis v. State of Nevada, No. 89376. Remittitur issued on December 12, 2025.

Davis commenced the instant action on December 26, 2025. See ECF No. 1.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Although Davis's Petition appears to be unexhausted, his AEDPA limitations period has not yet expired. Additionally, given that the Court finds that the appointment of counsel is warranted in this case, as is discussed below, any concerns about exhaustion may be alleviated by the eventual filing of a counseled amended petition. Thus, the Court finds that service is warranted in the instant case.

The Court now turns to Davis's Motion for Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549

- 2 -

U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

The Court provisionally appoints the Federal Public Defender to represent Davis. The Court finds that the appointment of counsel is in the interests of justice given, among other things, Davis's life-without-the-possibility-of-parole sentence and the complexities of this case.

### III.    CONCLUSION

**IT IS HEREBY ORDERED** that IFP Application (ECF No. 1) is granted.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

(1) file the Petition (ECF No. 1-1);

(2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents;

(3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing;

(4) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1);

(5) send a copy of this Order to Davis and the CJA Coordinator for this division; and

(6) substitute Jeremy Bean for Respondent State of Nevada.

**IT IS FURTHER ORDERED** that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further order.

**IT IS FURTHER ORDERED** that the Motion for Counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Davis by filing a notice of appearance or (2) indicate the office's inability to represent Davis in these proceedings. If the Federal Public Defender is unable to represent Davis, the Court will appoint alternate counsel. Appointed counsel will represent Davis

in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Davis remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**DATED:** March 4, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**